## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Michael Andre Azan,
    Petitioner

    vs.

James Erwin,
    Respondent

Case No. 1:02cv434
(Dlott, J.; Black, M.J.)

## REPORT AND RECOMMENDATION

    Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, respondent's return of writ, and petitioner's "Traverse Motion" and "Points And Authorities In Support Of Traverse" replying to the return of writ. (Docs. 1, 3, 4, 7).

### Procedural Background

    On June 12, 1996, the Prosecuting Attorney of Butler County, Ohio, filed an information charging petitioner with three counts of gross sexual imposition as defined in Ohio Rev. Code § 2907.05(A)(4) (Counts One through Three), one count of disseminating matter harmful to juveniles as defined in Ohio Rev. Code § 2907.31(A)(1) (Count Four), and one count of illegal use of minor in nudity-oriented material or performance as defined in Ohio Rev. Code § 2907.323(A)(1) (Count Five). (Doc. 3, Ex. A). Petitioner executed a "Waiver Of Indictment," in which he requested and consented that the matter proceed by information instead of by indictment. (*Id.,* Ex. B). He also entered a guilty plea to the charges in the information. (*Id.,* Ex. C). On July 26, 1996, petitioner was sentenced to consecutive sentences of two (2) years on Counts One through Four and five (5) to fifteen (15) years on Count Five. (*Id.,* Ex. D).

Respondent states that petitioner did not pursue a timely appeal from his conviction and sentence. (*Id.,* Brief, p. 2). Instead, on February 19, 1999, nearly two and one-half years after he was sentenced, petitioner filed a pro se motion for leave to file an appeal with the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. E). His motion was granted on April 15, 1999. (*Id.,* Ex. F). With the assistance of counsel, petitioner presented as the only assignment or error in his brief on appeal that the "trial court abused its discretion by sentencing [him] to the maximum sentence for each count and for ordering the five sentences to run consecutively with one another." (*Id.,* Ex. G). On June 26, 2000, the Court of Appeals issued an Opinion and Judgment Entry overruling the assignment of error and affirming the trial court's judgment. (*Id.,* Ex. I).

Petitioner did not appeal to the Ohio Supreme Court, but instead, on September 18, 2000, filed a timely pro se application to reopen his appeal with the Ohio Court of Appeals pursuant to Ohio R. App. P. 26(B). (*Id.,* Ex. J). In his memorandum in support of the application, petitioner alleged that his appellate counsel was ineffective because he did not assert certain ineffective assistance of trial counsel claims as assignments of error on appeal. Specifically, petitioner contends that his appellate counsel should have argued on appeal that his trial counsel was ineffective by (1) failing to challenge the trial court's jurisdiction on the ground that the information contained three charges not included in the criminal complaint or petitioner's arrest warrant; (2) failing to pursue a suppression motion; and (3) failing to challenge petitioner's conviction under "a penalty statute that was repealed effective July 1, 1996, without a savings clause." (*Id.,* Affidavit). On August 15, 2001, the Court of Appeals denied the application for reopening, rejecting petitioner's ineffective assistance of appellate counsel claims on the merits. (*Id.,* Ex. L). Respondent states, and petitioner does not dispute, that petitioner did not attempt to appeal that decision to the Ohio Supreme Court. (*Id.,* Brief, p. 3).

On December 3, 2001, petitioner next filed a pro se petition for writ of error coram nobis in the Butler County Common Pleas Court, in which he claimed for the first time that the trial court lacked subject matter jurisdiction over his case in the absence of any "record of an affidavit or complaint being <u>FILED</u> in th[e] court ... for a <u>BREACH OF PEACE</u> as required for th[e] court to acquire lawful jurisdiction." (*Id.,* Ex. M, p. 1) (emphasis in original). On February 6, 2002, the Common Pleas Court denied the petition, which it treated as a motion for post-conviction relief under Ohio Rev. Code § 2953.21, on the ground that it was untimely filed. (*Id.,* Ex. N). Apparently, petitioner did not attempt to appeal this decision to the Ohio Court of

Removed

Appeals. (*See id.,* Brief, p. 3).

Petitioner filed additional pro se motions in the trial court. On December 21, 2001, he filed a motion entitled "Motion To Amend Information Or Criminal Complaint And Motion to Sever The State Of Ohio As A Party," which was summarily overruled on January 23, 2002. (*Id.,* Exs. O, P). On January 31, 2002, he filed a motion for judgment against the State, which was summarily overruled on February 6, 2002. (*Id.,* Exs. Q, R). Finally, on February 11, 2002, petitioner filed a motion for speedy trial, which was denied on February 21, 2002 as moot given that a "careful review of the record in this case reveals that defendant plead[ed] guilty on June 12, 1996 and was subsequently sentenced on July 26, 1996." (*Id.*, Exs. S, T). Apparently, no appeal was taken by petitioner from these orders.

The instant petition for writ of habeas corpus was signed by petitioner on June 6, 2002 and stamped as "filed" on June 14, 2002. (Doc. 1). In the petition, petitioner alleges the following grounds for relief:

> 1. The trial court "totally lacked statutory subject-matter jurisdiction, in violation of the Fourteenth Amendment," because "[t]here is no record of lawful process pursuant to O.R.C. § 7.01, setting forth the true and substantial fact that a crime had been committed in Butler County, Ohio."
>
> 2. The "State is not a lawful party in the instant case, . . . in violation of the Fourteenth and Fourth Amendment[s]," because the "County Prosecutor failed to invoke the subject-matter jurisdiction of the trial court, by not filing in the court of record, the true and substantial fact that a crime had been committed, based on a sworn affidavit given under the seal of the State of Ohio. . . . Petitioner is immune from prosecution, absent an affidavit or complaint."
>
> 3. "Petitioner is being denied a lawful and speedy trial, in violation of the Sixth and Fourteenth Amendment[s]."
>
> 4. "Petitioner is being held in slavery/or involuntary servitude by the Executive Branch of the State Government, in violation of the Thirteenth and Fourteenth Amendment[s]" because he "is being held for non-existent offenses pursuant to O.R.C. § 2901.03(A) (B)."

(Doc. 1, pp. 5-6).

In the return of writ, respondent argues as an initial matter that the petition is barred from review by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which provides that a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. (Doc. 3, Brief, pp. 7-9). In this case, as respondent points out, petitioner did not file a timely appeal from the judgment of conviction entered July 26, 1996. However, petitioner was granted a delayed appeal by the Ohio Court of Appeals, after the one-year limitations period is claimed to have expired on August 25, 1997. In addition, after the Ohio Court of Appeals issued its decision affirming the trial court's judgment, petitioner submitted a timely application to reopen his appeal raising ineffective assistance of appellate counsel claims, which were addressed on the merits by the Ohio Court of Appeals. Given these proceedings, which provided petitioner with the opportunity to pursue an appeal and ineffective assistance of counsel claims stemming from that appeal, an argument can be made that the one-year statute of limitations did not begin to run until those proceedings concluded on September 28, 2001, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the denial of his application for reopening on August 15, 2001. *Cf. White v. Schotten,* 201 F.3d 743, 752-54, *cert. denied,* 531 U.S. 940 (2000) (holding that "Ohio criminal defendants have a federal constitutional right to effective assistance of counsel during an application for reopening," which is "a continuation of activities related to the direct appeal"). This action filed in June 2002 would be considered timely under that calculation of the limitations period. Therefore, the Court assumes, without deciding, that the instant petition was timely filed, and will proceed to address petitioner's grounds for relief in light of other arguments asserted by respondent in the return of writ.

## OPINION

### Petitioner Has Waived His Claims For Habeas Relief
### Due To His Procedural Defaults In The State Courts

Although petitioner has not stated his grounds for relief with a great deal of specificity, it appears that in Grounds One, Two and Four of the petition, he is challenging his continued incarceration on the ground that the subject matter jurisdiction of the trial court was never invoked by the prosecutor, who failed to "fil[e]

in the court of record, the true and substantial fact that a crime had been committed, based on a sworn affidavit given under the seal of the State of Ohio." (*See* Doc. 1, pp. 5-6). Petitioner conclusorily alleges in Ground Three a violation of his constitutional right to a speedy trial. (*Id.,* p. 6). Respondent contends in the return of writ that petitioner has waived all of his grounds for relief due to his procedural defaults in the state courts. (Doc. 3, Brief, pp. 10-13).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a number of procedural defaults. First, he failed to present any of his grounds for relief to the Ohio Court of Appeals when he obtained state appellate review in the delayed appeal and reopening proceedings.

Indeed, as respondent points out (*see* Doc. 3, Brief, p. 12), petitioner never presented the Thirteenth Amendment claim alleged in Ground Four to the state courts for consideration.

With respect to the jurisdictional issue alleged in Ground One, petitioner first raised the claim in his pro se petition for writ of error coram nobis that was denied on state procedural timeliness grounds and never appealed. Petitioner committed a procedural default by failing to file his state petition within the prescribed time limits set by state law as it is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if, as here, the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. Moreover, petitioner committed another procedural default by failing to appeal the trial court's denial of his petition to the Ohio Court of Appeals and, ultimately, to the Ohio Supreme Court. *See supra* p. 5; *Leroy,* 757 F.2d at 97, 99-100.

With respect to his remaining claims, petitioner first raised the claim alleged in Ground Two challenging the State's status as a "lawful party in the instant case" in motions filed in December 2001 and January 2002 that were summarily overruled by the trial court and never appealed; he first raised the speedy trial claim alleged in Ground Three in an even later motion filed in February 2002 that was denied as "moot" and never appealed. By failing to appeal these trial court rulings to the Ohio appellate courts, petitioner procedurally defaulted these remaining claims. *See id.*

Because petitioner never presented his fourth ground for relief to the state courts, and because he committed numerous other procedural defaults with respect to the claims alleged in Grounds One through Three, petitioner has waived all four grounds for relief absent a showing of cause and prejudice or that a fundamental miscarriage of justice will occur if the underlying merits of the claims are not reviewed. *See supra* p. 5; *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262. Petitioner has not provided any justification as "cause" for his defaults. Moreover, he has not demonstrated that failure to consider his procedurally-defaulted claims will result in a "fundamental miscarriage of justice," which requires a showing that the alleged constitutional violations have "probably resulted in the conviction of one who is actually innocent" of the crimes charged. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Accordingly, the Court concludes that because petitioner has waived all of his grounds for relief, he is not entitled to habeas corpus relief in this case.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief alleged in the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  6/17/04  
 cbc

s/Timothy S. Black  
Timothy S. Black  
United States Magistrate Judge

J:\BRYANCC\2004 habeas orders\02-434denypet.waiver-sol.wpd

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in Grounds One through Four of his habeas petition. *See Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Michael Andre Azan,
    Petitioner,

    v.

James Erwin,
    Respondent.

Case No. 1:02cv434
(Dlott, J.; Black, M.J.)

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).