UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL ANDRE AZAN,                :
                                   :    Case No. 1:02cv434
    Petitioner,                    :
                                   :    (Dlott, J; Black, M.J.)
                                   :
v.                                 :
                                   :
                                   :
JAMES ERWIN,                       :
                                   :
    Respondent.                    :

## OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION
## MOTION FOR A STAY IN THE PROCEEDINGS

Now comes the petitioner Michael A. Azan, in pro se. And moves this Court to consider his specific objection and substantial defenses to the Magistrate's Report and Recommendation of June 17, 2004.

Further, by leave of Court petitioner moves this Court to Stay of (45) forty-five days as the proceedings in the above captioned case may be factually determined by the Court. As a determination has been made in the matter of State v. Azan, Case No. CA2003-09-247 in the Twelfth District Court of Appeals were the issues raised were errors of constitutional and substantial substantive jurisdictional law.

For good cause shown and in the interest justice and the protection of petitioners substantial rights, and the attached memorandum in support.

Respectfully submitted,

*Michael A. Azan*
Michael A. Azan
pro se
# A-335-790
Chillicothe Corr. Inst.
P.O. Box 5500
Chillicothe, Ohio 45601-0990

## MEMORANDUM IN SUPPORT

Petitioner objects to the documents and presumption of lawful authority as the basis for its decision to dismiss the petition with prejudice. The Court should not presume, a fortiori, on an information the substantive rights, duties, and obligations of the petitioner.

In the opinion of the magistrate takes cognizance of the equal obligation of the state courts to protect the substantial constitutional rights of criminal defendants, before resort to the federal courts. This view is espoused pursuant to the doctrine of comity, codified as 28 U.S.C. §2254 (b)(1),(c).

However, an inadvertent error was made by the magistrate in its ruling. Comity in the instant case is not an issue. The magistrate has cited Anderson v. Harless (1982), 459 US 4, 6, as for its decision to dismiss the instant petition with prejudice. When no state court record was submitted by respondent contains a "plain statement" required by Anderson id., that the Butler County Court of Common Pleas is a state court within the meaning and legislative intent of 2 U.S.C. §2254.

And in doing so disregards Ohio's controlling law, as the provisions of Ohio Constitution Article IV are not self executing. Central Ohio Transit Auth. v. Local 208 (1988), 37 Ohio St.3d 56, 60, per curiam; Seventh Urban Inc. v. University Circle (1981), 68 Ohio St.2d 19, ¶ 1 of the opinion; State ex rel Miller v. Keefe (1958), 168 Ohio St. 234, ¶ 1 of the syllabus. As it is the Ohio legislature that determines pursuant to a substantive grant of power and authority what is a "state court" or "state action" not the judiciary.

It the Court finds this argument is in error it would deny, as the lower

-1-

courts have done, the petitioner the equal protection of the law. Picard v. Conner (1981), 404 US 270, 275-76. As the subject matter is always determined by statutory law. Rogers v. State (    ), 87 Ohio St. 308

This Court has held, without stating plainly, that because of an information submitted by respondent, lawful jurisdiction attached. This is a procedural holding without a reference to the requisite substantive law. It is in fact that a review only the submitted information contrary to the holding of the U.S. Supreme Court in Knewel v. Eagan (1925), 268 U.S. 442, 446. And the holdings of the U.S. Sixth Appellate District in, Kimbro v. Bomar (C.A. 6th 1964), 333 F.2d 755, 757; Via v. Perini (CA 6th 1969), 415 F.2d 1052, 1054; Love v. Perini (CA 6th 1969), 418 F.2d 905, 906. And the Ohio Supreme Court. Wells v. Maxwell (1963), 174 Ohio St. 198, 188 N.E.2d 160, 161, per curiam.

The magistrate also cites that petitioner did not fairly present his claims through the requisite levels of state appellate review in error. Appellate courts have statutory concurrent jurisdiction in a felony case, pursuant to R.C. §2931.01; §2931.02. Trent v. Trent (1960), 15 O.O. 226, 174 N.E.2d 274 Jurisdiction is not granted by consent of the parties, court procedural rule, or provision of remedial law.

Further, it is a "fundamental miscarriage of justice", to be charged by information without the invocation of a substantive grant of power. Additionally, (defendant),petitioner does not bear the burden of establishing the jurisdiction of the state court. This is the exclusive burden of the (initial plaintiff), respondent, the person that invokes the jurisdiction of the court that bears the burden. Stout v. Lye (1880), 103 US 66.

In the instant case the records submitted as exhibits by respondent are not the record of the common pleas court pursuant to R.C. §2323.24. Further there is no showing of the Ohio's substantive law that imposes a right, duty, or obligation upon petitioner to follow Ohio's court procedural rules. As a state decision resting on an adequate foundation of state substantive law is immune from review in federal court. Wainwright v. Sykes (1977), 433 US 72, 97 S.Ct. 2497 This Court has erred in giving full faith and credit to the submitted documents contra to the provisions of federal law, 28 U.S.C. §1738. Crandon v. U.S. (1990), 494 US 152. As it is a custom, which is contrary to the established principle of federal law. Buckingham v. McLean (1851), 54 US 151, 13 How. 151

With respect to the jurisdictional issue in Ground One of the petition, the petitioner asserts that the judgment in question is not the judgment of a state court of Ohio. Boswell's Lessee v. Otis (1850), 50 US 336, 9 How. 336 And nothing but a presumption of correctness controverts this assertion.

Further, even if it was, it is not independent of the merits of the federal claim of the due process of law. Hovey v. Elliott (1997), 17 S.Ct. 841, 844-846. As there is no meaningful opportunity to be heard in a court lacking statutory authority and absent the facts which the prosecution wishes to present at trial. Broddi v. Connecticut (1971), 91 S.Ct. 780, 785-787. It could have been determined as "adequate" with the showing on the record of a Ohio Crim. R. 3 complaint, mandated as required for all prosecutions in the state in compliance with the Fourth Amendment to the U.S. Constitution. The substantive jurisdictional statute of the Ohio Revised Code comply with the substantial

-3-

requirement that only **actual and sustanital acts** may be prosecuted in a court of law. State v. Edwards (1976), 49 Ohio St.2d 31, syllabus (1a). The Fourth Amendment mandates adherence to the juridical process. U.S. v. Jeffers (1951), 72 S.Ct. 93. It is axiomatic that a conviction upon a charge not made is a denial of due process. Jackson v. Virginia (1979), 99 S.Ct. 2781, 2786

With respect to the petitioner's remaining claims the common pleas court never ruled on the merits of his motions for relief. Additionally the appellate courts of Ohio does procedurally bar appeals of law and fact, which the instant case hinges upon, pursuant to O. App. R. 2, effective since July 1, 1971. Keener v. Ridenour (CA 6th 1979), 594 F.2d 581. Further, petitioner cannot identify in the record were the error is found for review about the invocation of jurisdiction by the initial plaintiff is not a part of the record. The court of appeals may presumptively procedurally disreganf any substantive jurisdictional question, pursuant to O. App. R. 12 (A)(2).

Petitioner deliberately by-passed raising Ground Four of his petition in the state courts. As it was and is futile to do so. As the failure of Ohio courts to determine what the due process of law means in Ohio and its reliance solely on procedural rules and remedial laws. This is because one must be actually innocent were not substantial act(s) which constitute an offense is absent from the record. Branden v. Hoffman (1889), 46 Ohio St. 639. This petitioner had to file with the Court his sworn grounds for relief to invoke the jurisdiction of the federal court. This is the same statutory procedure to be used in every case and court in the United States, with the notable exception of felony cases in the Ohio courts.

The petition should not be denied upon procedural grounds absent verified and authenticated documentation of the state court record or parts thereof before the Court. Noble v. Sheare (1834), 6 Ohio St. 426. As the report and recommendation does not state that petitioner grounds for relief are without merit.

The Court in its opinion and recommendation believes that the grounds of relief could have been raised in a state court for adjudication. However the claims raised in the petition to sustain the writ does not fall within any exception numerated in State v. Perry (1967), 10 Ohio St.2d 176, the controlling standard of a void or voidable, and not a nullity as in the instant case. Coley v. Alvis (CA 6th 1967), 381 F.2d 870

## CONCLUSION

When as in the instant case state trial courts permits constitutional protections to be overridden by zealous prosecutors without injecting restraining or curative measures. In the instant case a O. Crim. R. 3 complaint. This federal court should be alert to grant habeas corpus petition and rule on the merits. Walker v. Engle (CA 6th 1983), 703 F.2d 959, cert. denied, Marshall v. Walker, 104 S.Ct. 367.

The Court need only exercise its sound discretion in its determination whether a petitioner's claims for relief or his defenses are plausible before dismissal is made pursuant to the magistrate's Report and Recommendation. To do less in the absence of any certified and verified state documentation in the instant case would be an abuse of discretion.

The procedural default of the petition is not warranted. As there is a "want of power" appearing on the face of the documents before the court. Ex parte Nielsen (1889), 131 US 176, 183. This Court has before it the record of conviction. This Court has the inherent power to look behind and beyond the record of petitioner's conviction to a sufficient extent to test the lawful statutory jurisdiction of the state court to have proceeded to judgment against him. Johnson v. Zerbst (1938), 304 US 458, 466. The bedrock principle of habeas corpus is that an individual imprisoned as a result of a jurisdictionally void judgment is entitled to his immediate release has never been question. Fay v. Noia (1963), 372 US 391, 402, 83 S.Ct. 822, 829.

With a dismissal by the Court of the instant petition. The Court would prejudically deny the petitioner "substantive due process", as there are no facts to support a criminal prosecution. Petitioner has been deprived of his substantial constitutional rights, privileges, and immunities for arbitrary reasons, regardless of how fair the procedure appears on its face. Eastlake v. Forest City Ent. Inc. (1976), 426 US 668, 676.

Further, the procedure was not fair denying petitioner "procedural due process". As petitioner has been denied of his liberty unfairly as selected procedural safeguards were ignored by the trial court. O. Crim. R. 3; Zinermom v. Burch (1990), 494 US 113, 125.

Petitioner has at this time received the opinion of the Ohio Court of Appeal for the Twelfth Appellate District in Case No. CA2003-09247, in which the issue of substantive law was raised as the issue on appeal. As Ohio law has not determined by what substantive grant of legislative authority does a common pleas

-6-

court acquire jurisdiction of a felony case. This matter was decided on June 28, 2004. The conclusion of which will render any procedural default a moot question, as it does not rest on an adequate foundation of state substantive law. Wainwright id. Nor can the Court determine Ohio's substantive law based upon the documentation before it.

Therefore petitioner moves this Court for a STAY in Case No. 1:02cv434, so that a copy of the brief of appellee, appellant and opinion of the court of appeals can be copied and transmitted to the Court for review. This is to demonstrate the futility of directly raising constitutional claims and questions of substantial substantive law before the courts of Ohio. Petitioner moves this Court for a stay of approximately 45 days, in order to appeal the decision and opinion to the Ohio Supreme Court and by leave of Court expansion of the record to include the opinion and argument as exhibits for review in support of petitioner's objection to the report and recommendation.

Respectfully submitted,

*Michael A. Azan*
Michael A. Azan, pro se

## Proof of Service

I certify that a copy of this Objection to the Magistrate's Report and Recommendation and Motion for a Stay in the Proceedings was sent to counsel for Respondent, Ohio Attorney General, Mr. Stuart A. Cole, Assistant Attorney General, Corrections Litigation Section, 140 East Town Street, 14th Floor, Columbus, Ohio, 43215-6001, First-Class U.S. Mail via institutional mail system, on June 29, 2004.

*Michael A. Azan*
Michael A. Azan, pro se